Day, J.
 

 The question for solution in this case is that of the construction to be given Section 1201, General Code. The same provides in part :
 

 “If the line of the proposed improvement
 
 deviates
 
 from the existing highway, or if it is proposed to change the channel of any stream in the vicinity of such improvement, the county commissioners, or township trustees making application for such improvement must provide the requisite right of way.”
 

 Are the commissioners authorized to make compensation for this property, taken for public purposes by the authority of the section in question, requiring the county commissioners to “provide the requisite right of way” for such an improvement?
 

 It is elementary that if a construction can be given a statute which renders it constitutional,
 
 *708
 
 rather than unconstitutional, the former construction is to be favored. The Constitution of this state, Section 19, Article I, provides:
 

 “Private property shall ever be held inviolate but subservient to the public welfare. *
 
 * *
 
 And in all other cases, where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money, and such compensation shall be assessed by a jury, without deduction for benefit to any property of the owner.”
 

 We do
 
 not understand that any question is raised as to the regularity of the proceedings in the narrowing of the road in 1870, or as to the proportion of the highway, formerly in the 60 feet, that became the property of the plaintiff in error and his predecessors in title by the reduction in the width of the public highway to 45 feet in 1870
 
 (Arbaugh
 
 v.
 
 B. & O. S. W. Rd. Co.,
 
 104 Ohio St., 110, 135 N. E., 381), but the sole contention is that there is no authority in law for the county commissioners to be held liable for compensation for this property of the plaintiff in error taken for public purposes; the jurisdiction and control of the road in question having passed to the state highway department by reason of Section 1191
 
 et seq.,
 
 General Code.
 

 Under the construction that we give Section 1201, General Code, it should not be confined to simply the straightening of curves and the changing of the line around hills or other obstructions; but the intent of the Legislature was to require the county commissioners to provide the requisite right of way for the proposed improvement if ad
 
 *709
 
 ditional land outside the existing highway was . required to complete such improvement. Whenever the boundaries of the existing highway were departed from, that was a deviation from such highway, in a broad and liberal sense of the word, and to give it any more restricted meaning and confine the word “deviate” to a change in the line of the road for the purposes of eliminating curves, angles, or grades is to give the section too narrow a construction. If such a construction is given as does not permit paying compensation for property taken in placing the line of the proposed improvement at some other point outside the existing highway, and property is so taken without compensation, there is clearly a violation of a constitutional right.
 

 It is our duty to attribute to the Legislature an intention to enact a valid and constitutional law, and to give such construction to its enactments as will not be inconsistent with constitutional guaranty. Our conclusion, therefore, is that under Section 1201, General Code, power is granted to the commissioners in providing a requisite right of way for the improvement in question to make proper compensation to the owner of private property taken for such public purpose. We are not unmindful of the rule that a board of county commissioners is not liable for its acts “in * * * discharge of its official duties, except in so far as such liability is created by statute, and such liability shall not be extended beyond the clear import of the terms of the statutes.”
 
 Weiher
 
 v.
 
 Phillips,
 
 103 Ohio St., 249, 133 N. E., 67.
 

 Our conclusion does not conflict with the above rule, for the authority to acquire this right of way
 
 *710
 
 and to pay therefor is clearly within the import of the terms of the statute. Entertaining this view, the judgment of the Court of Appeals is reversed and that of the common pleas is affirmed.
 

 Judgment reversed and that of the common pleas affirmed.
 

 Marshall, C. J., Allen, Robinson, Jones and Matthias, JJ., concur.